PRISCILLA P. SPENGLER, Plaintiff-Appellee, *v.* GEORGE P. SPENGLER, Defendant-Appellant.

Second District   No. 76-31

Opinion filed October 12, 1977.

Victor & LaFayette, of Rockford, for appellant.

Orva M. Engelsvold, of Wellman & Engelsvold, of Rockford, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

This is a divorce case which illustrates the pitfalls that occur when an attorney, indirectly, seeks to represent both parties in a divorce proceeding. In this appeal defendant's counsel has zealously asserted that the attorney "considered himself to be a scrivener for the parties and that he did not represent either party in this matter," as will be explained below.

The two issues presented are, first, whether the court had jurisdiction to modify the divorce decree and, second, whether fraud on the part of the defendant was shown as a matter of law.

In June 1970, the plaintiff, Priscilla Spengler, and the defendant, George P. Spengler, met in the offices of the attorney who represented the George H. Spengler Company, the defendant's employer. After a number of meetings with the plaintiff and the defendant, the attorney for the Spengler Company drafted a property settlement agreement containing paragraph 11, which constitutes the issue herein. This document was signed by the plaintiff and the defendant on August 25, 1970. Paragraph 11 thereof provided that the plaintiff would receive 50% of any salary over $30,000 which the defendant received from the Spengler Company. Plaintiff discussed the August 25, 1970, property settlement agreement with attorney Kalivoda on several occasions. On February 3, 1971, plaintiff in substance severed her legal relations with Kalivoda. Although the testimony herein is not entirely clear as to dates, sometime during February or March 1971 the attorney for the Spengler Company drafted a new property settlement agreement which bears the date of January 31, 1971. Under the January 31, 1971, agreement paragraph 11 was changed to provide that defendant would cause the Spengler Company to pay plaintiff an amount equal to any salary exceeding $31,000 which he received from the company. Plaintiff was advised that this change was merely to secure a tax advantage for the defendant and plaintiff did not consult with independent counsel regarding the change. On May 14, 1971, the plaintiff filed a petition for divorce by and through the attorney representing the Spengler Company. A decree of divorce was entered on May 25, 1971, and the property settlement agreement dated January 31, 1971, was incorporated in the divorce decree.

On February 13, 1973, the board of directors of the Spengler Company held its annual meeting. Present at that meeting were the three board members, consisting of defendant, his father and a Mr. Liljedahl. Also present was the attorney for the corporation, who acted as secretary of the meeting. At that meeting the board unanimously voted to give defendant a salary increase of $8400 per year. The minutes of the meeting reflect that thereafter defendant moved to increase plaintiff's annual salary as vice president from $1000 to $8400 and that he voted for the

motion. The other two directors voted against it and it did not carry. Plaintiff's salary from the company was continued at $1000 per year. Plaintiff was not present at this meeting nor was she notified of the action increasing the defendant's salary by the sum of $8400. She did not discover that defendant's salary had been increased until September 7, 1973, after her attorney made a written demand to examine the corporate records. On October 4, 1973, plaintiff filed a petition for rule to show cause, alleging that defendant had failed to comply with paragraph 11 of the property settlement agreement and had concealed his raise from her. Subsequently an amended petition was filed and on May 14, 1974, plaintiff filed a motion to modify paragraph 11 of the property, settlement agreement. An affidavit in support of the May 14 motion was filed later, on July 26, 1974. On August 7, 1974, the attorney for the Spengler Company notified plaintiff that she was discharged as vice president and she has received no salary since that date.

At this point we will consider the provisions of paragraph 11 of the property settlement agreement as originally drafted and as amended. Paragraph 11 of the property settlement agreement as originally drafted and signed on August 25, 1970, read as follows:

"The parties recognize that if their marriage were not now being terminated, Priscilla could reasonably expect to participate with George in any increased future earnings which he might realize as the managing executive officer of the Geo. H. Spengler Co. Accordingly, George agrees that if in the current or any future calendar year his compensation from the company shall exceed $30,000.00, he shall pay to Priscilla, as an additional installment of settlement moneys under Paragraph 10 hereof for such year, an amount equal to 50% of that part of his compensation from the company which exceeds $30,000.00."

The January 31, 1971, agreement signed by the parties reads as follows:

"The parties recognize that if their marriage were not now being terminated, Priscilla could reasonably expect to participate with George in any increased future earnings which he might realize as the managing executive officer of the Geo. H. Spengler Co. Accordingly, George agrees that if in the current or any future calendar year his compensation from the company shall exceed $30,000.00, he shall cause the company to pay to Priscilla as additional compensation for such year an amount equal to the compensation over $30,000.00 paid to him, except that for the years 1971 through 1975 his compensation from the company may be up to $31,000.00 before the provisions of this paragraph apply."

It is to be noted that the original paragraph 11 of August 25, 1970,

provided specifically that the defendant himself would pay half of any increase in salary. It is also to be noted that this was changed specifically so that defendant would cause the corporation to do so rather than the defendant himself.

Plaintiff's affidavit filed July 26, 1974, in support of her motion to modify paragraph 11 of the settlement agreement alleged misrepresentation by the defendant of his ability to cause the Spengler company to pay any sums to her pursuant to that paragraph. After defendant answered the motion and filed his reply to the affidavit, an extended hearing was had on the motion and the affidavit. The judge in the trial court filed a memorandum opinion in which he found,

> "Both parties appear to consider this matter as being heard under Section 72 of the CPA without objection."

The trial court then stated the question to be whether, pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72), evidence of fraud was established which would allow the court to modify the property settlement agreement. The court further found:

> "Both parties agree that the provision of the agreement before the Court cannot now nor could ever have been carried out by the defendant in its present form."

The court recognized the fact that the draft of August 25, 1970, provided that the defendant would pay to the plaintiff a sum equal to one half of any increase in salary which he might receive from the Spengler Company. The court further recognized that at the time of the modification of paragraph 11 the plaintiff did not have a personal attorney and that paragraph 11 was changed for the benefit of the defendant to incorporate the unenforceable provision that plaintiff would receive payments from the Spengler Company. Finally, the court found that paragraph 11 of the property settlement agreement of January 31, 1971, contained a false and fraudulent representation of what the defendant could and would do for plaintiff's future benefit; that she relied upon such representation and that had she known that the same was incapable of consummation she would not have signed the agreement containing paragraph 11 as modified. The court thereupon entered an order amending the property settlement agreement which had been incorporated in the divorce decree, inserting, in substance, the provisions of the August 25, 1970, draft of the agreement and entered judgment for the plaintiff in the sum of $13,800, which apparently represented sums past due to the plaintiff.

■■ Defendant's first argument on this appeal is that the trial court was without jurisdiction to modify the decree. As indicated above, the trial court, in its memorandum opinion, found that the parties were being

heard under section 72 of the Civil Practice Act, although no mention is made of this in the court's final order. At the time involved herein section 72(3) provided:

> "The petition must be filed not later than 2 years after the entry of the order, judgment or decree. Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years."

Plaintiff's first pleading alleging defendant's failure to comply with the provisions of amended paragraph 11 was filed on October 4, 1973, which was more than two years after the decree of divorce was entered on May 25, 1971. The question then presented is whether there was fraudulent concealment so as to toll the running of the two-year period. On February 13, 1973, the board of directors of the Spengler Company raised the salary of the defendant to $38,400 and refused to implement the provisions of paragraph 11 calling for the company to pay to plaintiff an amount equal to the amount of defendant's increase in salary over $31,000. This action was taken within the two-year period by the company and clearly negated the provisions of paragraph 11. Defendant, who was president and general manager of the company, was present and aware that this had happened but made no attempt to inform plaintiff, despite his promise to "cause" the company to give her an equal increase. Instead, at the same meeting, defendant voted in favor of a resolution barring plaintiff from entering upon the company's premises without the prior written consent of himself or the other two board members. Although this was a small, closely-held corporation in which plaintiff was a shareholder as well as at least nominally an officer, she was apparently not allowed to examine corporate records until after submitting a request in writing through her attorney. This is sufficient evidence of fraudulent concealment of the increase, in which defendant participated, to toll the two-year period and give the court jurisdiction to hear plaintiff's motion to modify the decree.

■■■ As the second issue herein defendant argues that as a matter of law plaintiff failed to prove fraud as a basis for modifying the decree. Plaintiff's burden of proof in this regard has been succinctly stated by our supreme court in *Roth v. Roth* (1970), 45 Ill. 2d 19, 23, 256 N.E.2d 838, 840, as follows:

> "A misrepresentation in order to constitute a fraud must consist of a statement of material fact, false and known to be so by the party making it, made to induce the other party to act, and, in acting, the other party must rely on the truth of the statement."

What we are dealing with here is a basic principle of corporation law that even a closely held corporation such as that involved herein may not use

corporate assets to pay a party who renders no service to the corporation for the purpose of allowing one of the officers of that corporation to avoid paying personal income taxes. In their testimony in this case, both the defendant and the attorney for the corporation who was involved in this transaction claimed to have been unaware of this fundamental principal. Yet defendant's own testimony showed that he had been both an officer and director of the Spengler Company for approximately 10 years at the time the 1971 settlement agreement was drafted. He had also served as an officer and member of the board of a charitable corporation for a number of years. The trial court found that defendant knew, or should have known from the advice of his accountants and attorneys, that the change could not possibly be carried out. In view of defendant's business experience and acumen, we believe that the trial court was justified in disbelieving his testimony and finding that in fact he did know that corporate assets could not be used in that manner. We, therefore, need not deal with the finding that he also should have known, if in fact he did not.

■■ Defendant contends that because we are dealing with a principle of law that the misrepresentation, if any, involved in this case must be viewed as a misrepresentation of law and therefore could not furnish a basis for a finding of fraud. He relies upon our case of *First National Bank v. Achilli* (1973), 14 Ill. App. 3d 1, 8, 301 N.E.2d 739, 744, wherein we stated:

> "A misrepresentation of the legal effect of an instrument does not constitute fraud."

We do not find that statement applicable to the facts presented in this case. Defendant herein promised that he would "cause the company" to pay plaintiff the additional compensation. This, we believe, was a representation of his power and ability to control the use of corporate assets. However, as the facts of this case clearly point out, he had no such power. Indeed, his testimony can be regarded as an admission of the fact that he knew he had no such power. He testified that he knew that salary increases were approved by the board of directors of the corporation, which consisted of three persons and not just himself. He further testified to his assumption that his father would vote in favor of any increase to the plaintiff because of his good relationship with her. Thus, what defendant clearly knew was that he himself was not able to cause the company to do what he promised to do in paragraph 11. He just assumed that he could do it. Likewise, the testimony of the attorney involved in this transaction indicates that he knew and assumed the same things defendant knew and assumed. However, the attorney admitted that he did not remember ever having discussed with plaintiff the fact that under the revised paragraph 11 the board of directors of the Spengler Company, or at least two

directors thereof, would have to vote in favor of such an increase to her. Plaintiff's background was that of a housewife and nurse and she had not participated in corporate affairs in any way. She did not become a shareholder or officer in the company until after the execution of the 1971 agreement. Thus, while everyone else knew that the provision would require corporate action and approval to implement it, plaintiff could not be expected to know even that much. Further, the circumstances under which this changed provision was presented to her, by an allegedly neutral attorney scrivener, were such that she would be justified in believing that it was at least legally possible to do everything that was provided for in the agreement. This would include the fact that it would be legally possible for defendant himself to cause the company to pay her additional compensation. On the basis of these facts, we believe that the trial court was fully justified in finding that there had been fraud in connection with the changes made in paragraph 11 of the property settlement agreement. We therefore affirm the judgment of the trial court modifying that portion of the degree.

Affirmed.

WOODWARD and BOYLE, JJ., concur.