GOVERNMENT EMPLOYEES INSURANCE COMPANY, Plaintiff-Appellee, v. AARON HERSEY, Defendant (American Access Casualty Company, Third-Party Respondent-Appellant).

First District (2nd Division)    No. 1—09—0232

---

Opinion filed January 12, 2010.

Grace E. Wein and Jeffrey D. Swanson, both of Wein & Associates, P.C., of Chicago, for appellant.

Kevin M. Gross, of Law Office of Kevin J. Kawa, of Chicago, for appellee.

JUSTICE THEIS delivered the opinion of the court:

This case arises out of a supplemental citation proceeding brought by plaintiff, Government Employees Insurance Company (GEICO), against third-party respondent, American Access Casualty Company (AACC), to discover assets and satisfy a judgment in an underlying negligence action that was entered in favor of GEICO against AACC's insured, Aaron Hersey. The circuit court ultimately entered a judgment in favor of GEICO and against AACC and subsequently denied AACC's motion to vacate the judgment. On appeal, AACC contends that the judgment is void and that the court erred in denying its motion to vacate the judgment. For the following reasons, we affirm the judgment of the circuit court.

BACKGROUND

On November 15, 2007, GEICO initiated a citation proceeding pursuant to section 2—1402 of the Illinois Code of Civil Procedure (the Code) (735 ILCS 5/2—1402 (West 2006)), against AACC to discover assets of AACC in order to satisfy the judgment from the insurance policy which AACC had issued to Hersey. On December 20, 2007, in response to the service of the citation, AACC filed an appearance but failed to file an answer.

Thereafter, on December 26, 2007, the court entered an order indicating that AACC "failed to file an Answer after service of the third-party citation." The court entered a conditional judgment against AACC in favor of Hersey for the use of GEICO in the amount of $4,268.37 plus costs and interest. On April 4, 2008, AACC was served with a summons to confirm the conditional judgment. The summons required AACC to appear on May 12, 2008, and show cause why the conditional judgment should not be made final. Thereafter, on May 12, 2008, the court confirmed the judgment, after making a finding that AACC was served with the summons and that no appearance had been filed by AACC.

On November 24, 2008, AACC filed its answer to the third-party citation and a motion to vacate the order of May 12, 2008. On GEICO's motion, the court struck AACC's motion to vacate for failing to state the statutory basis for its motion. Subsequently, on December 24, 2008, AACC filed an amended motion to vacate pursuant to section 2—1301(e) of the Code (735 ILCS 5/2—1301(e) (West 2006)). Therein, it argued that the order of May 12, 2008, confirming the judgment was void because it was entered without notice to AACC's counsel and because it was based on a misrepresentation that AACC had not filed an appearance. The court denied the motion, finding that the judgment was not void. On January 23, 2009, AACC filed its notice of appeal. Thereafter, GEICO filed a motion to dismiss the appeal for lack of jurisdiction, which we have taken with the case.

ANALYSIS

Initially, we address the jurisdiction of the court to consider the merits of the appeal. AACC contends that jurisdiction is conferred by Supreme Court Rule 303(a)(1) (210 Ill. 2d R. 303(a)(1)). That rule requires the notice of appeal to be filed "within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed, *** within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment." 210 Ill. 2d R. 303(a)(1). Under section 2—1301(e) of the Code, a party may file a motion to set aside a final judgment "within 30 days after entry thereof." 735 ILCS 5/2—1301(e) (West 2006).

Here, the judgment was entered on May 12, 2008. Therefore, AACC had 30 days in which to file its motion to vacate that judgment under section 2—1301(e) or file a timely appeal from the order of May 12. AACC did not file an appeal within 30 days and did not file its section 2—1301(e) motion to vacate until December 24, 2008. Nor did AACC file a section 2—1401 petition collaterally attacking the judgment or comply with the requirements for a section 2—1401 proceeding. 735 ILCS 5/2—1401 (West 2006). Thus, to the extent that AACC seeks review of an untimely filed section 2—1301(e) motion, this court lacks jurisdiction to address the merits of that motion. 210 Ill. 2d R. 303(a)(1).

However, despite AACC's filing of an untimely section 2—1301(e) motion, to the extent that AACC's motion sought to vacate a void judgment, it is well settled that a void order can be attacked at any time. 735 ILCS 5/2—1401(f) (West 2006); *GMB Financial Group, Inc. v. Marzano*, 385 Ill. App. 3d 978, 994 (2008). Thus, this court has jurisdiction to consider the limited question of whether the judgment is void.

A void judgment is one that is entered by a court without jurisdiction over the parties or the subject matter or by a court that lacks the inherent power to make or enter the order. *Ford Motor Credit Co. v. Sperry*, 214 Ill. 2d 371, 379-80 (2005). Once a court has obtained jurisdiction, an order will not be rendered void nor will the court lose jurisdiction merely because of an error or impropriety in the court's determination of the facts or law. *People v. Davis*, 156 Ill. 2d 149, 157 (1993); *Universal Underwriters Insurance Co. v. Judge & James, Ltd.*, 372 Ill. App. 3d 372, 383 (2007).

Subject matter jurisdiction refers to the court's power "to hear and determine cases of the general class to which the proceeding in question belongs." *Belleville Toyota, Inc. v. Toyota Motor Sales U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002). In the general civil context, circuit courts enjoy, with limited exceptions, "original jurisdiction of all justiciable matters." Ill. Const. 1970, art. VI, §9; see *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 529-30 (2001). Therefore, there is no question that the circuit court was vested with subject matter jurisdiction when GEICO filed its negligence complaint and supplemental proceeding to collect on the judgment.

The circuit court may acquire personal jurisdiction over a defendant or respondent by his appearance or it may impose jurisdiction upon him by effective service of summons. *In re M.W.*, 232 Ill. 2d 408, 426 (2009). Here, AACC was properly served with the citation and filed an appearance on December 20, 2007. Accordingly, where the court had personal and subject matter jurisdiction over the proceedings, the judgment entered by the court on May 12, 2008, could not be void.

We further reject AACC's reliance on *Ratkovich v. Hamilton*, 267 Ill. App. 3d 908 (1994), and *Vortanz v. Elmhurst Memorial Hospital*, 179 Ill. App. 3d 584 (1989), for the proposition that an order entered without notice to a party is void. As a matter of law, these cases have been called into question in light of our subsequent supreme court decisions. See, *e.g.*, *Juszczyk v. Flores*, 334 Ill. App. 3d 122, 124-25 (2002) (declining to follow these cases in light of supreme court precedent). We are bound to adhere to the supreme court's consistent holding regarding void judgments. *Tuite v. Corbitt*, 224 Ill. 2d 490, 506 (2006). Additionally, these cases are distinguishable factually where here, although AACC argues that its counsel did not receive notice of the judgment, it is undisputed that AACC itself had proper notice of the judgment. For all of the foregoing reasons, we affirm the order of

the circuit court denying AACC's motion to vacate the judgment as void.

Affirmed.

HOFFMAN and KARNEZIS, JJ., concur.