# Illinois Official Reports

## Appellate Court

---

### *McCarthy v. Pointer*, 2013 IL App (1st) 121688

---

| | |
|---|---|
| Appellate Court Caption | GERALD McCARTHY, Plaintiff-Appellee, v. DWIGHT POINTER, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>Docket No. 1-12-1688 |
| Filed | December 20, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In proceedings arising from plaintiff's defamation action against a fraternity officer and others, the trial court lacked jurisdiction to vacate its order dismissing the fraternity officer with prejudice after plaintiff added the fraternity as a defendant; therefore, the trial court's order vacating the dismissal order was vacated, since the order dismissing the fraternity officer was not void, the trial court had personal and subject-matter jurisdiction when that order was entered, and plaintiff's conclusory allegations of fraud on defendant's part failed to state any facts supporting those allegations. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 03-M1-18637; the Hon. Pamela E. Hill-Veal, Judge, presiding. |
| Judgment | Order vacated. |

| Counsel on Appeal | Hinshaw & Culbertson LLP, of Chicago (Marcos Reilly, of counsel), for appellant. |
| | |
| | Law Office of James E. Taylor, P.C., of Chicago (James E. Taylor, of counsel), for appellee. |
| | |
| Panel | JUSTICE LAMPKIN delivered the judgment of the court, with opinion.<br>Presiding Justice Rochford and Justice Reyes concurred in the judgment and opinion. |

## OPINION

¶ 1    In 2012, plaintiff Gerald McCarthy moved the trial court to vacate as void a 2007 order, which had dismissed, with prejudice, defendant Dwight Pointer from the case after a trial. The trial court also had ruled in 2007 that the dismissal order, pursuant to Illinois Supreme Court Rule 304(a) (eff. Jan. 1, 2006), was final and appealable, but plaintiff never appealed the dismissal order.

¶ 2    The trial court granted plaintiff's motion to vacate the 2007 dismissal order, and defendant Pointer appealed. Pointer argues that the 2007 dismissal order was not subject to vacatur because it was not void where the trial court had personal and subject-matter jurisdiction and the order was not procured by fraud. We agree, and accordingly vacate the trial court's 2012 order vacating the 2007 dismissal order.

¶ 3                                    I. BACKGROUND

¶ 4    In 2003, plaintiff McCarthy sued defendant Pointer, who was an officer of a fraternity, and two other individuals for defamation. After a trial on the merits, plaintiff obtained leave of court in October 2007 to amend his complaint to add the fraternity as a defendant. The trial court, however, dismissed defendant Pointer individually with prejudice. When plaintiff filed an amended complaint against the fraternity, a fraternity district, and Pointer as a fraternity representative, the trial court, in November 2007, directed plaintiff to remove Pointer from the caption and pleadings as a named defendant and gave plaintiff leave to file an amended complaint. The trial court also ruled on November 20, 2007, that, pursuant to Supreme Court Rule 304(a), there was no just cause to delay enforcement of or appeal from the October 2007 order dismissing defendant Pointer.

¶ 5    Thereafter, the fraternity and fraternity district filed an answer and affirmative defenses arguing, *inter alia*, that plaintiff's defamation suit was barred by the statute of limitations and the doctrine of *res judicata*. In 2009, the trial court entered judgment against the fraternity and

its district for $5,800 in actual damages and $148,132.22 in punitive damages. The fraternity and its district appealed, and, in 2011, this court reversed the trial court's judgment, finding that the relation-back doctrine did not apply to plaintiff's amended complaints to overcome the defendants' statute of limitations defense. *McCarthy v. Omega Psi Phi Fraternity, Inc.*, 2011 IL App (1st) 092950. The Illinois Supreme Court denied plaintiff's petition for leave to appeal. *McCarthy v. Omega Psi Phi Fraternity, Inc.*, No. 112952 (Ill. Nov. 30, 2011).

¶ 6       In March 2012, plaintiff moved the trial court to vacate its October 2007 order that had dismissed defendant Pointer. Plaintiff argued that the October 2007 order was void and thus could be vacated at any time because the fraternity and Pointer engaged in conduct that was "tantamount to fraud, deception and collusion" when they "deceived the Trial Court and colluded with each other by failing" to move for dismissal of the amended complaint based on the statute of limitations. Plaintiff also argued that mistakes of law concerning the ability to add the fraternity as a defendant and mistakes of fact concerning Pointer's relationship with the fraternity led the trial court to dismiss Pointer. Further, plaintiff argued that equity demanded the vacatur of the October 2007 order because defendants concealed Pointer's relationship with the fraternity. Plaintiff did not label this motion as a petition brought pursuant to section 2-1401 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2006)).

¶ 7       On June 8, 2012, the trial court granted plaintiff's motion to vacate the October 2007 dismissal of Pointer. The trial court stated that it "[had] expressed its concern over potential conflict issues"; "did not believe that it was error to join [the fraternity] as a defendant, and believed at the time that it was the correct decision to dismiss the count against [defendant] Pointer"; "was uniquely situated to judge the credibility of witnesses"; and "was convinced that harm had been caused to Plaintiff as a result of the acts of [Pointer and the fraternity]." The trial court never stated in its ruling that the 2007 dismissal order was void or that the trial court had lacked jurisdiction to enter that order.

¶ 8       On appeal, defendant Pointer contends, *inter alia*, that the October 2007 order was not void and that the trial court erred in granting plaintiff's motion to vacate that judgment.

¶ 9                                    II. ANALYSIS

¶ 10       Initially, we address the jurisdiction of this court to consider the merits of the appeal. Here, the dismissal order was issued in October 2007, and the trial court ruled that it was final and appealable under Rule 304(a) in November 2007. Therefore, plaintiff had 30 days in which to either file a motion to vacate that judgment under section 2-1301(e) of the Code (735 ILCS 5/2-1301 (West 2006)), or file a timely appeal from the dismissal order. Plaintiff did not file an appeal within 30 days and did not file a section 2-1301(e) motion to vacate.

¶ 11       Nor did plaintiff file his motion to vacate as a formal section 2-1401 petition collaterally attacking the judgment or comply with the requirements for a section 2-1401 proceeding. 735 ILCS 5/2-1401 (West 2006). Section 2-1401 provides litigants a means of obtaining relief from judgments older than 30 days if the petition is filed not later than two years after the entry of the order or judgment at issue, notwithstanding tolling for time during which the petitioner was under legal disability or duress or the ground for relief was fraudulently concealed. 735 ILCS 5/2-1401(c) (West 2006). Furthermore, typical section 2-1401 petitions must allege a

- 3 -

meritorious defense to the original action and show that the petition was brought with due diligence. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002).

¶ 12    Plaintiff's motion sought to vacate the October 2007 dismissal order as a void order, and it is well settled that a void order can be attacked at any time. 735 ILCS 5/2-1401(f) (West 2006) (nothing in paragraph (f) of section 2-1401 affects any existing right to relief from a void order or judgment); *Sarkissian*, 201 Ill. 2d at 103; *GMB Financial Group, Inc. v. Marzano*, 385 Ill. App. 3d 978, 994 (2008). "Section 2-1401(f) codifies a common law rule allowing litigants to attack a void judgment any time." *Ford Motor Credit Co. v. Sperry*, 214 Ill. 2d 371, 379 (2005). Petitions brought on voidness grounds need not be brought within the two-year time limitation, and the allegation that the order is void substitutes for and negates the need to allege a meritorious defense and due diligence. *Sarkissian*, 201 Ill. 2d at 104. Thus, as did the trial court, this court has jurisdiction to consider the limited question of whether the October 2007 order is void. See *Government Employees Insurance Co. v. Hersey*, 397 Ill. App. 3d 551, 553 (2010). Our review of this issue is *de novo*. *Ford Motor Credit Co.*, 214 Ill. 2d at 379.

¶ 13    "A void order or judgment is, generally, one entered by a court without jurisdiction of the subject matter or the parties, or by a court that lacks the inherent power to make or enter the order involved." *Id.* at 379-80. "A void judgment is from its inception a complete nullity and without legal effect." *Id.* at 380. "Once a court has obtained jurisdiction, an order will not be rendered void nor will the court lose jurisdiction merely because of an error or impropriety in the court's determination of the facts or law." *Hersey*, 397 Ill. App. 3d at 554.

¶ 14    The October 2007 dismissal order could not be void based on any lack by the trial court of personal and subject-matter jurisdiction over the proceedings. Subject-matter jurisdiction refers to the court's power "to hear and determine cases of the general class to which the proceeding in question belongs." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002). In civil cases, circuit courts enjoy, with limited exception, "original jurisdiction of all justiciable matters." Ill. Const. 1970, art. VI, § 9; see *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 529-30 (2001). Here, there is no question that the trial court was vested with subject-matter jurisdiction when plaintiff filed his defamation complaint against Pointer and the other defendants. Furthermore, a trial court may acquire personal jurisdiction over a defendant by his appearance or it may impose jurisdiction upon him by effective service of summons. *In re M.W.*, 232 Ill. 2d 408, 426 (2009). Here, there is no question that the defendants were properly served with the complaint and amended pleadings, filed their appearances, and submitted their answers.

¶ 15    Plaintiff does not contest the trial court's personal and subject-matter jurisdiction in this matter. Instead, plaintiff contends the 2007 dismissal order was void due to the alleged deceptive conduct of the fraternity, its district and Pointer, which deprived the trial court of the opportunity to review and correct any errors that had been made as a result of the trial court's mistake as to the law and facts. Plaintiff's two theories of fraud consist of Pointer's alleged concealment of his relationship with the fraternity and concealment of the statute of limitations. We note, however, that there was no discussion of or findings concerning fraud in the trial court's June 2012 order that granted plaintiff's motion to vacate the 2007 dismissal order. Moreover, the trial court did not concede that it made any errors of law or fact.

- 4 -

¶ 16    As stated above, errors of law or fact will not suffice to render void an order or judgment by a trial court that had personal and subject-matter jurisdiction over the controversy. *Hersey*, 397 Ill. App. 3d at 554. Moreover, plaintiff cites no relevant authority to support the argument that, based on plaintiff's convoluted allegations concerning fraud by Pointer, the fraternity and its district, the trial court somehow lacked the inherent power to make or enter the 2007 dismissal order. Defendant argues that although some court opinions have thrown the phrase "fraud on the court" in with the other grounds for considering a judgment void (*e.g.*, *Juszczyk v. Flores*, 334 Ill. App. 3d 122, 125 (2002) (stating that a judgment or order is void where, *inter alia*, it is procured by fraud), the case law is not at all clear that a fraud on the court which does not affect jurisdiction renders a judgment void. This court, however, need not resolve the issue of the nature of the fraud necessary to render an order void because plaintiff's conclusory allegations of fraud fail to state any facts to support those allegations. Moreover, plaintiff does not assert that Pointer, the fraternity or its district made affirmative misrepresentations. In addition, this court previously rejected plaintiff's argument that the fraternity and its district concealed their relationship with Pointer because the involvement of both Pointer and the fraternity in plaintiff's suspension was clear in the documents contained in the record and inherent in the situation. See *McCarthy*, 2011 IL App (1st) 092950, ¶¶ 37-41.

¶ 17    Plaintiff's argument that Pointer, the fraternity and its district concealed the statute of limitations also fails. A statute of limitations is a rule of law, and all citizens–including lawyers like plaintiff–are charged with knowledge of the law. *Cwik v. Giannoulias*, 237 Ill. 2d 409, 418 (2010). A mistake of *law* is not fraud. *Hillmer v. Chicago Bank of Commerce*, 349 Ill. App. 510, 519 (1953); see also *First National Bank of Elgin v. Achilli*, 14 Ill. App. 3d 1, 8 (1973) (a misapprehension or "misrepresentation of the legal effect of an instrument does not constitute fraud"). Fraud consists of the misrepresentation of material *facts* or, under some circumstances, the failure to disclose facts. See *Spengler v. Spengler*, 53 Ill. App. 3d 620, 624 (1977). "A misrepresentation in order to constitute a fraud must consist of a statement of material fact, false and known to be so by the party making it, made to induce the other party to act, and, in acting, the other party must rely on the truth of the statement." *Roth v. Roth*, 45 Ill. 2d 19, 23 (1970).

¶ 18    Plaintiff cannot show any fraudulent concealment of the statute of limitations because the record establishes that the date of the defamation was not concealed. It was pled in plaintiff's original complaint. Moreover, when plaintiff sought leave to amend his complaint after trial to add the fraternity as a defendant, Pointer's September 2007 written response specifically argued that the statute of limitations had expired. Furthermore, the fraternity pled the statute of limitations issue as an affirmative defense in its answer. The record establishes that the trial court and the parties knew when the cause of action accrued and had notice of the statute of limitations issue.

¶ 19    Because the October 2007 dismissal order is not void, the trial court had no jurisdiction to vacate that order. Accordingly, we vacate the order of the trial court granting plaintiff's motion to vacate the October 2007 dismissal order.

¶ 20    Order vacated.