NOTICE
Decision filed 01/23/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 190145-U

NO. 5-19-0145

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFHT DISTRICT

_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| | ) | Circuit Court of |
| GARRY W. CLARK, | ) | St. Clair County. |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| and | ) | No. 14-D-842 |
| | ) | |
| TIFFANY M. LACY CLARK, | ) | Honorable |
| | ) | Patricia H. Kievlan, |
| Respondent-Appellee. | ) | Judge, presiding. |

_____

JUSTICE OVERSTREET delivered the judgment of the court.
Justices Cates and Boie concurred in the judgment.

**ORDER**

¶ 1   *Held*: Order vacating judgment of dissolution of marriage vacated as void for lack of jurisdiction. Cause remanded with directions to enter order *nunc pro tunc* to correct clerical errors in judgment of dissolution and to consider and rule on outstanding motions of record.

¶ 2   The petitioner, Garry W. Clark (Garry), appeals the March 25, 2019, order of the circuit court of St. Clair County that vacated the judgment of dissolution of marriage that was entered on February 3, 2015, and set aside the joint parenting order appended to the judgment. For the following reasons, we vacate the order and remand with directions.

1

¶ 3                                    BACKGROUND

¶ 4      The parties were married on September 3, 2006.  Two children were born to or adopted by the parties during the marriage.  On November 3, 2014, Garry filed, *pro se*, a petition for dissolution of marriage.  The petition alleged that the parties had already divided the marital property.  Accordingly, the petition requested the circuit court to award the parties all property currently in their respective possessions and to order the parties to pay all debts incurred solely in their respective names.  The petition requested the circuit court to award the parties joint custody of the children,[1] with Garry as the residential parent.  The petition further requested the circuit court to forever bar the respondent, Tiffany M. Lacy Clark (Tiffany), from requesting maintenance from Garry.  On December 5, 2014, Tiffany filed, *pro se*, a pleading in which she requested, *inter alia*, sole custody of the children, child support, and maintenance.

¶ 5     A hearing was conducted on February 3, 2015, at which the following evidence was presented.  The parties indicated that they had been separated for six months, during which they had shared physical custody of the children.  They testified that they were able to cooperate and make joint decisions regarding the children's best interests.  The parties stated that they entered into a joint parenting agreement that reflected their consent and desire for each to spend approximately 50% of the time with the children.  The circuit court recognized that the joint parenting agreement failed to specify which

_____

[1]The petition was filed prior to the 2016 amendment to the Illinois Marriage and Dissolution of Marriage Act, which changed "custody" to "allocation of parental responsibilities."  See 750 ILCS 5/600(d) (West 2016).

days of the week either party would have the children, and the parties explained that their work schedules prevented them from establishing a consistent schedule. Accordingly, the parties decided to negotiate time with the children on a day-to-day basis.

¶ 6 The parties further agreed that each was waiving child support due to the equal time spent with the children and due to the parties' incomes being relatively equal. Garry agreed to provide health insurance for the children, and the parties planned for each to claim one child as an income tax exemption each year. The joint parenting order indicates that if any future conflict arises regarding any provisions in or implementation of the order, the parties are ordered to make reasonable attempts to negotiate a settlement of the conflict. The joint parenting order further orders the parties to first participate in mediation if they are unable to resolve the conflict on their own, and where mediation is unsuccessful, the parties are then permitted to seek judicial resolution.

¶ 7 After reviewing and establishing the terms of the joint parenting order at the hearing, the circuit court proceeded to set forth the terms of the judgment of dissolution. To that regard, both parties waived any request for present or future maintenance, stating that they were both employed and able to meet their own needs as well as the needs of the children when they were in their respective care. The parties further stipulated that each would assume their own debts.

¶ 8 The circuit court itemized the following three parcels of real estate owned by the parties as marital property: two rental properties in East St. Louis and the marital home in Belleville. The circuit court stated—and Tiffany acknowledged and agreed—that she was being awarded all three parcels of real estate. The circuit court further ordered

3

Tiffany to assume responsibility for all debts and expenses associated therewith, including the "[m]ortgage, real estate taxes, all of those things." Tiffany acknowledged and agreed to the same. The circuit court stated—and Garry agreed—that he was voluntarily relinquishing any rights in all said real estate and was absolved of all liability for any future debts and expenses associated with the real estate.

¶ 9 The circuit court awarded Garry the Dodge Durango and assigned to him the associated debt and awarded Tiffany the Nissan Altima and assigned to her the associated debt. The parties acknowledged and agreed to the same. At the conclusion of the hearing, the circuit court noted that it had reviewed "the terms of the marital settlement agreement and [had] gone over *** those terms with the parties pretty much paragraph by paragraph." The circuit court concluded that the judgment of dissolution was entered freely and voluntarily by both, and that it was fair and equitable to both. After the hearing on February 3, 2015, the circuit court entered the written judgment of dissolution of marriage[2] and the joint parenting order.

¶ 10 As noted, evidence at the hearing established that the parties owned three parcels of real estate as marital property, namely two parcels of rental property in East St. Louis and the marital home in Belleville, all of which Tiffany was awarded at the hearing and ordered to assume all debts and expenses associated therewith. The circuit court identified and awarded the property at the hearing, there were no objections by either party, nor was any confusion expressed regarding the awards of the property or the assignments of associated debts and expenses. The written judgment of dissolution

[2]The written judgment of dissolution is a fill-in-the-blank form, allegedly handwritten by Tiffany.

4

identifies the marital property as follows: "22 Lindorf Drive Belleville, IL[;] 802 N. 22nd St. E. St. Louis[;] 2009 Nissan Altima[;] E. St. Louis."[3]

¶ 11    Consistent with the circuit court's order at the hearing, the written judgment of dissolution ordered Tiffany to assume full responsibility for all the following legal debts and obligations incurred by the parties and to hold Garry free and harmless from the same: "2009 Nissan Altima[;] 22 Lindorf Dr.[;] 802 N. 22nd St., East St[.] Louis; 82nd St[.], E. St. Louis, IL."   The written judgment further noted that Garry has in his possession a 2008 Dodge Durango, which is nonmarital property.   Notwithstanding the above-listed property and assignments of debts thereon, the written judgment failed to formally reflect an actual award of the property, although the circuit court orally awarded and disposed of the entirety of the property at the hearing.

¶ 12    On April 5, 2018, Tiffany—represented by counsel—filed a motion to vacate or reopen in which she alleged that the judgment of dissolution failed to provide for disposition of all of the marital property and debts, including but not limited to three parcels of real estate, vehicles, a loan, credit card debt, and tax debt.  The motion alleged that the judgment of dissolution was the result of mutual mistakes of fact by the parties, and coercion and duress by Garry upon Tiffany.  The motion further alleged that the judgment of dissolution was, and continues to be, unconscionable.  In the alternative, the motion alleged that the judgment of dissolution was not a final judgment because the issues had not been fully adjudicated.  Accordingly, the motion requested the circuit court

---

[3]This is an obvious scrivener's error, which merely omits the street address of the second East St. Louis property.

to vacate the judgment of dissolution—except for the dissolution of the matrimonial bonds—and reopen the case to resolve the issues involving the disposition of the parties' marital assets and debts. No affidavits were attached to the motion.

¶ 13 On April 6, 2018, Tiffany filed a petition to modify the joint parenting order,[4] alleging that since the entry of the order, there had been substantial changes in circumstances, including but not limited to: the parties were unable to agree on decisions for the children; the parties were unable to communicate productively in the presence of the children; the parties were unable to agree on parenting time and holiday schedules; Garry traveled out of town frequently for work; and Garry had left the children in the care of third parties during his parenting time without giving Tiffany the opportunity to care for them.

¶ 14 The petition requested the circuit court to grant Tiffany sole decision-making responsibilities for the children; to allocate parenting time pursuant to a fixed schedule; to grant the parties a right of first refusal to care for the children when the other party is unable to; to order the parties to communicate only regarding the well-being of the children via text or email, except in cases of emergency; and to set statutory child support.

¶ 15 On April 16, 2018, Garry—represented by counsel—filed a motion to dismiss Tiffany's motion to vacate or reopen, denying that the parties' agreement was a mutual mistake of fact, denying any coercion or duress by him upon Tiffany, and denying that the judgment of dissolution was unconscionable. The motion to dismiss emphasized that

---

[4]There is no evidence that the parties participated in mediation prior to Tiffany filing this petition.

6

the motion to vacate or reopen was filed more than two years after the entry of the judgment of dissolution of marriage, that Tiffany did not submit issues of fact not known at the time of the judgment, and that any such matters could have been raised in a timely appeal or motion to reconsider. Accordingly, Garry requested the circuit court to deny the motion to vacate or reopen and to order Tiffany to pay Garry's attorney fees for filing a frivolous pleading.

¶ 16    The same date, Garry also filed a motion for entry of a *nunc pro tunc* order awarding properties. The motion alleged that Tiffany handwrote the terms in the judgment of dissolution but failed to add a provision awarding the property as awarded at the hearing and failed to add a provision reflecting the debts on the property as assigned at the hearing. The motion requested the circuit court to, *inter alia*, enter an order finding that there was a scrivener's error in the original written judgment, adding an addendum to the judgment correcting the judgment *nunc pro tunc*, awarding the real estate and the Nissan Altima to Tiffany and the Dodge Durango to Garry, as set forth at the hearing.

¶ 17    Also on April 16, 2018, Garry filed a motion for rule to show cause and a petition for contempt. The motion alleged that, after the entry of the judgment of dissolution of marriage, Tiffany resided in the marital residence which she was awarded and paid the mortgage and taxes on the residence as she was ordered up and until February 2018, when Tiffany determined that she wished to move. At that time, Tiffany ceased paying the mortgage and real estate taxes on the property. The motion further alleged that the mortgage on the residence is solely in Garry's name and has been since April 10, 2009.

¶ 18 The motion indicated that on March 9, 2018, Tiffany hired an attorney to draft an "agreed" order—without Garry's knowledge or consent—to award the marital residence to Garry and to make him solely responsible for all debts associated therewith. According to the motion, after Garry refused to sign the document, on March 27, 2018, Tiffany sent Garry a "Lease Termination" letter, wherein she listed herself and the children as tenants of the marital residence and indicated that this was an official notice to terminate the tenancy of a lease allegedly entered on October 15, 2017, and that she and the children would vacate the property by May 1, 2018. The motion requested the circuit court to, *inter alia*, enter an order finding Tiffany in contempt, ordering Tiffany to repay Garry the funds he expended relating to the mortgage of the property, ordering Tiffany to pay Garry's attorney fees associated with this action, and ordering Tiffany to remove Garry's name from the mortgage on the property.

¶ 19 On May 4, 2018, Garry filed a motion to dismiss Tiffany's petition to modify the joint parenting order contending, *inter alia*, that per the terms of the joint parenting order, prior to seeking judicial resolve, the parties were required to participate in mediation to resolve disputes they failed to settle on their own. The motion indicated that no mediation had occurred. Accordingly, the motion requested the circuit court to, *inter alia*, dismiss the petition to modify the joint parenting order.

¶ 20 On June 12, 2018, Garry filed a petition for rule to show cause, alleging several complaints against Tiffany regarding violations of the joint parenting order. On June 19, 2018, the circuit court entered a mediation order, requiring the parties to participate in mediation to attempt to resolve the disagreements.

8

¶ 21 On June 19, 2018, Garry filed a motion for reimbursement of mortgage payments, requesting the circuit court to, *inter alia*, order Tiffany to pay him the amounts he expended on the mortgage for the marital residence that was awarded to Tiffany at the hearing and on which Tiffany had been ordered to assume all financial responsibility; and to order Tiffany to refinance and remove Garry's name from the financial liability on the residence.

¶ 22 On July 24, 2018, Tiffany filed a petition to modify child support, citing substantial changes in circumstances since the joint parenting order was entered. On August 31, 2018, the circuit court entered an order indicating that argument was heard[5] and granting Tiffany 30 days to file an amended motion to vacate.[6] On November 14, 2018, the mediator report was filed, along with a memorandum of understanding, which reflected that all outstanding issues regarding the parties' children were fully resolved and agreed upon by the parties, except medical decisions for the children and parenting time on Christmas Eve and Christmas Day. On December 26, 2018, the circuit court entered a parenting plan and order, reflecting the agreed terms of the mediation, and indicating that the parties did not reach an agreement regarding medical decisions for the children and parenting time on Christmas Eve and Christmas Day. Accordingly, the circuit court reserved ruling on these issues. On March 5, 2019, the circuit court entered

---

[5]No transcript of this argument is in the record on appeal.

[6]There is nothing in the record to explain why the circuit court granted leave to file the amended motion to vacate. Notably, no amended motion was ever filed.

a case management order, indicating that the parties had resolved all outstanding parenting issues.

¶ 23   Although the hearing on the motion to vacate and the motion to dismiss the motion to vacate was rescheduled by the circuit court multiple times, on March 25, 2019—without a hearing—the circuit court entered an order, acknowledging that the parties had both indicated that there were certain provisions omitted from the written judgment of dissolution. The circuit court stated that it had reviewed Tiffany's motion to vacate or reopen and Garry's motion for *nunc pro tunc* and entry of an order awarding properties. The court concluded that "equity demands that the [judgment of dissolution] be set aside and that the parties should be allowed to present all evidence to the Court through counsel." Accordingly, the circuit court ordered "that the [judgment of dissolution of marriage] entered on 2/3/15 be vacated. The [joint parenting agreement] is hereby set aside also."[7]  Garry filed a timely notice of appeal.

¶ 24                                 ANALYSIS

¶ 25                        I. Appellate Jurisdiction

¶ 26   As a threshold matter, we address Tiffany's challenge of our jurisdiction over this appeal. Tiffany argues that this court lacks jurisdiction to review the circuit court's order vacating the judgment of dissolution because it is not a final and appealable order. We disagree. Garry's initial issue on appeal is whether the circuit court lacked jurisdiction to vacate the judgment of dissolution and to set aside the joint parenting order over three

---

[7]The original parenting order was superceded by the circuit court's parenting order entered on December 26, 2018, and subsequent case management order indicating that all outstanding parenting issues were resolved.

10

years after the entry of the same. "[I]t is well settled that '[a] judgment, order or decree entered by a court which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular order involved, is void, and may be attacked at any time or in any court, either directly or collaterally.' " *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002) (quoting *Barnard v. Michael*, 392 Ill. 130, 135 (1945)). Accordingly, we have jurisdiction to determine whether the circuit court's order granting the motion to vacate the judgment of dissolution of marriage is void. *Government Employees Insurance Co. v. Hersey*, 397 Ill. App. 3d 551, 553 (2010).

¶ 27 Moreover, we have jurisdiction to review this appeal pursuant to Illinois Supreme Court Rule 304(b)(3) (eff. Mar. 8, 2016). "The filing of a section 2-1401 petition is considered a new proceeding, not a continuation of the old one." *Sarkissian*, 201 Ill. 2d at 102. "Thus, a circuit court's ruling on such a petition is deemed a final order and provision has been made for immediate review of these orders in Supreme Court Rule 304(b)(3), which states that appeal may be taken from 'a judgment or order granting or denying any of the relief prayed in a petition under section 2-1401 ***.' " *Id.* (quoting Ill. S. Ct. R. 304(b)(3)).

¶ 28 In addition, "[t]here are sound policy reasons for allowing review of orders granting relief from final judgments." *Id.* "Once a final judgment has been rendered, setting it aside is a matter of considerable significance." *Id.* "Moreover, it is impractical to subject parties to the time and expense of trial before it is known whether the circuit court's decision to set aside an existing final judgment is proper." *Id.*

11

¶ 29    In this case, although labeled as a "Motion to Vacate or Reopen," this pleading is, in substance, a section 2-1401 petition.  See *id*. at 102 ("the caption of a motion is not controlling; the character of the pleading is determined from its content, not its label" (citing *Barnes v. Southern Ry. Co*., 116 Ill. 2d 236 (1987))); ("when analyzing a pleading, a court will look to the content of the pleading rather than its label" (citing *Padilla v. Vazquez*, 223 Ill. App. 3d 1018 (1991))).  Here, the motion used language pursuant to section 2-1401, indicating an intent to seek relief under the same.  Namely, the motion cited, *inter alia*, duress by Garry upon Tiffany and mutual mistakes of fact as reasons for seeking relief.  See 735 ILCS 5/2-1401(b), (c) (West 2016).  Additionally, on appeal, Tiffany references the motion to vacate as being brought under section 2-1401 in both her brief and at oral argument, contending that the motion meets all the requirements set forth in that section.  For these reasons, we have jurisdiction to consider this appeal.

¶ 30                          II. Jurisdiction of the Circuit Court

¶ 31    The first issue Garry raises on appeal is whether the circuit court had jurisdiction to vacate the judgment of dissolution and to set aside the joint parenting order over three years after entry of the same.  Whether a circuit court has subject matter jurisdiction over a matter is reviewed *de novo*.  *In re Marriage of Kuyk*, 2015 IL App (2d) 140733, ¶ 10.

¶ 32    "Generally, a trial court loses jurisdiction over the subject matter in a divorce proceeding after 30 days following the entry of a final order therein."  *In re Marriage of Schauberger*, 253 Ill. App. 3d 595, 599 (1993).  However, section 2-1401 of the Code of Civil Procedure (Code) authorizes parties to seek relief when brought more than 30 days after the judgment was entered.  *Sarkissian*, 201 Ill. 2d at 101.  To obtain relief under

12

section 2-1401, the petitioner must assert specific factual allegations to support each of the following: "(1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief." *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 221 (1986). "Due diligence requires the section 2-1401 petitioner to have a reasonable excuse for failing to act within the appropriate time." *Id*. at 222.

¶ 33　Section 2-1401 requires that "the petition must be filed not later than 2 years after the entry of the order or judgment." 735 ILCS 5/2-1401(c) (West 2016). This mandated two-year limitation "must be adhered to in the absence of a clear showing that 'the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed ***.' " *Crowell v. Bilandic*, 81 Ill. 2d 422, 427 (1978) (quoting Ill. Rev. Stat. 1977, ch. 110, ¶ 72 (now 735 ILCS 5/2-1401(c) (West 2016))). "The purpose of this section's time limitation is a salutary one—to establish necessary stability and finality in judicial proceedings." *Id.* at 427-28. This principle applies to property disposition in marriage proceedings. *King v. King*, 130 Ill. App. 3d 642, 655 (1985). Moreover, a petition under section 2-1401 of the Code "must be supported by affidavit or other appropriate showing as to matters not of record." 735 ILCS 5/2-1401(b) (West 2016).

¶ 34　Here, the judgment of dissolution was entered on February 3, 2015. Tiffany brought the motion to vacate or reopen on April 5, 2018, more than three years after the judgment was entered. Tiffany did not exercise due diligence as required in filing her motion nor did she provide a reasonable excuse for failing to act within the appropriate time. See *Smith*, 114 Ill. 2d at 221-22. Tiffany violated the two-year limitations period

for seeking relief under section 2-1401 unless she can demonstrate that she was under legal disability or duress or the ground for relief was fraudulently concealed. See *Crowell*, 81 Ill. 2d at 427.

¶ 35 To that regard, Tiffany alleged in her motion to vacate or reopen that the judgment of dissolution was the result of mutual mistakes of fact by the parties and coercion and duress by Garry upon Tiffany. However, Tiffany failed to provide any specific facts to back these bare allegations, nor did she support her petition by affidavit showing any matters not of record, as required by section 2-1401. See 735 ILCS 5/2-1401(b) (West 2016); *Smith*, 114 Ill. 2d at 222. The record is devoid of evidence of any mistakes of fact by the parties nor is there any evidence that Tiffany was under duress. The parties were fully cooperative and agreeable throughout the hearing. The circuit court observed the same and indicated that the judgment of dissolution was entered freely and voluntarily by both parties and that it was fair and equitable to both.

¶ 36 Because Tiffany's motion to vacate or reopen failed to satisfy the requirements of section 2-1401 of the Code, the circuit court lacked jurisdiction to consider the motion. See *King*, 130 Ill. App. 3d at 654. Accordingly, the circuit court's order of March 25, 2019, that granted the motion to vacate is void for lack of jurisdiction. See *Sarkissian*, 201 Ill. 2d at 103. Having established that the circuit court lacked jurisdiction to consider the above-said motion, we need not consider Garry's second issue of whether the circuit court erred by failing to hold an evidentiary hearing prior to granting the motion.

14

¶ 37                          III. Motion for *Nunc Pro Tunc*

¶ 38    The next issue Garry brings on appeal is whether the circuit court erred in failing to grant his motion for *nunc pro tunc* and entry of an order awarding properties. " 'A *nunc pro tunc* order is an entry now for something that was done on a previous date and is made to make the record speak now for what was actually done then.' " *In re Aaron R.*, 387 Ill. App. 3d 1130, 1139-40 (2009) (quoting *Pestka v. Town of Fort Sheridan Co.*, 371 Ill. App. 3d 286, 295 (2007)). "A *nunc pro tunc* order may only be used to correct clerical errors or matters of form in a prior judgment to make the record reflect what the court actually ordered." *Id*. at 1140. "Any *nunc pro tunc* correction must be based on definite and certain evidence of record and not merely the recollection of the judge or a party." *Id*. "A *nunc pro tunc* order cannot be used to alter the court's judgment." *Id*.

¶ 39    Here, Garry's motion for *nunc pro tunc* indicated that the judgment of dissolution—which was handwritten by Tiffany—failed to include provisions awarding the property that was awarded at the hearing and reflecting the debts on the property that were assigned at the hearing. The motion requested the circuit court to correct the judgment *nunc pro tunc*, by adding the above-said omissions to the judgment of dissolution. We find it appropriate to remand this case with directions for the circuit court to enter an order *nunc pro tunc*.

¶ 40    Both parties indicated in pleadings filed before the hearing that they had already agreed on the property division. The terms of that agreement were set forth orally before the circuit court in great detail, and all of the property and debts were entirely disposed of and accounted for at the hearing. No objections were made by either party, and both

15

parties were in agreement consistently throughout the proceedings. The circuit court stated that it had reviewed "the terms of the marital settlement agreement and [had] gone over *** those terms with the parties pretty much paragraph by paragraph." The circuit court approved the agreement and indicated that the judgment of dissolution was entered freely and voluntarily by both parties, and that it was fair and equitable to both parties.

¶ 41    At issue here is a mere clerical error that occurred when provisions were inadvertently omitted from the written judgment to reflect what the circuit court ordered at the hearing. See *id*. All provisions omitted from the written judgment are readily and clearly discernible from the transcript of record that reflects the oral pronouncements of the circuit court regarding all of the property that was awarded to the parties and the associated assigned debts. *Id*. There were no judicial errors, and a *nunc pro tunc* order on remand would serve to set forth in writing what was ordered at the hearing, thereby making the judgment of record reflect what was actually done then. *Id*. Accordingly, we remand with directions for the circuit court to enter an order *nunc pro tunc* to reflect what was ordered by the court at the hearing.

¶ 42                          IV. Additional Outstanding Motions

¶ 43    Besides Garry's motion for *nunc pro tunc*, we further note that Garry's April 16, 2018, motion for rule to show cause and petition for contempt and Garry's June 19, 2018, motion for reimbursement of mortgage payments are outstanding and require consideration and judgment. Accordingly, on remand, we further direct the circuit court to consider and rule on these motions.

16

¶ 44                              CONCLUSION

¶ 45    For the foregoing reasons, we vacate the March 25, 2019, order of the circuit court of St. Clair County and remand with directions for the circuit court to enter an order *nunc pro tunc* to reflect the property awards and debt assignments as ordered at the February 3, 2015, hearing and to conduct further proceedings to consider and rule on the outstanding motions as detailed in this order.

¶ 46    Vacated and remanded with directions.